# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* REBECCA DARWIN.

---

ADREA BEEBE ,

       Petitioner-Appellee,

v

REBECCA DARWIN,

       Respondent-Appellant.

UNPUBLISHED
December 13, 2018

No. 343112
Washtenaw Probate Court
LC No. 18-000178-JA

---

Before: BOONSTRA, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's order granting petitioner's petition for judicial admission. We reverse, vacate the order granting the petition for judicial admission, and remand for proceedings consistent with this opinion.

A hospital social worker with Michigan Medicine (University of Michigan) in Ann Arbor, Michigan, filed the petition for judicial admission. The petition stated that respondent reported that she was noncompliant with her medications, that she had visual hallucinations of her home being on fire, and that she sent text messages to her legal guardian stating that she was going to kill herself. The probate court ordered that respondent be examined by a psychiatrist. The psychiatrist's report stated that respondent met the criteria for judicial admission. The report explained that respondent reported worsened depression, including low mood and social withdrawal. Respondent had not been taking care of herself. Respondent also reported worsened alcohol use, auditory and visual hallucinations, and suicidal thoughts. The probate court held a hearing on the petition at which the psychiatrist who examined respondent testified. At the conclusion of the hearing, the probate court granted the petition for judicial admission. This appeal followed.

Respondent first argues that the trial court erred in holding a hearing on the petition because it did not comply with the procedural requirements of MCL 330.1516. We agree.

Respondent failed to object to any procedural errors involving the petition at the hearing. Therefore, this issue is unpreserved. This Court reviews "unpreserved issues for plain error."

-1-

*Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

Following a hearing without a jury, the trial court determined that respondent met the requirements for judicial admission for involuntary mental health treatment pursuant to MCL 330.1515, which provides:

> A court may order the admission of an individual 18 years of age or older who meets both of the following requirements:

> (a) Has been diagnosed as an individual with an intellectual disability.

> (b) Can be reasonably expected within the near future to intentionally or unintentionally seriously physically injure himself or herself or another person, and has overtly acted in a manner substantially supportive of that expectation.

Additionally, MCL 330.1516, in pertinent part, provides:

> (1) Any person found suitable by the court may file with the court a petition that asserts that an individual meets the criteria for judicial admission . . . .

> \* \* \*

> (3) If the petition appears on its face to be sufficient, the court shall order that the individual be examined and a report be prepared. To this end, the court shall appoint a qualified person who may but need not be an employee of the community mental health services program or the court to arrange for the examination, to prepare the report, and to file it with the court.

> \* \* \*

> (6) The report required by subsection (3) shall contain all of the following:

> (a) Evaluations of the individual's mental, physical, social, and educational condition.

> (b) A conclusion as to whether the individual meets the criteria for judicial admission specified in section 515.

> (c) A list of available forms of care and treatment that may serve as an alternative to admission to a center.

> (d) A recommendation as to the most appropriate living arrangement for the individual in terms of type and location of living arrangement and the availability of requisite support services.

(e) The signatures of 1 physician and 1 licensed psychologist or 2 physicians who performed examinations serving in part as the basis of the report.

Here, it is undisputed that the report prepared in accordance with MCL 330.1516(3) did not fulfill all of the requirements of MCL 330.1516(6). Indeed, the report was deficient as to MCL 330.1516(6)(e), as it was only signed by one psychiatrist. As a result, the probate court should have dismissed the petition pursuant to MCL 330.1516(8), which provides that "[t]he petition shall be dismissed by the court unless 1 physician and 1 licensed psychologist or 2 physicians conclude, and that conclusion is stated in the report, that the individual meets the criteria for judicial admission." By holding a hearing on the petition despite the report's deficiency, the trial court ignored respondent's due process rights under MCL 330.1516(8). This error was plain, and affected respondent's substantial rights. Therefore, we must vacate the trial court's order of judicial admission.[1]

We reverse, vacate the order granting the petition for judicial admission, and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Michael F. Gadola

---

[1] Given our conclusion that the trial court erroneously held a hearing on the petition despite the report's deficiency, we need not address respondent's remaining claims of error.